# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mekan Annanazarov, | No. CV-26-01018-PHX-MTL (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Christopher Howard, et al., | |
| Respondents. | |

Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 challenging his immigration detention.  The Petition is fully briefed.  Petitioner also filed a Motion for Temporary Restraining Order. The Court will deny the Petition and dismiss this action.

## I.      Petition

Petitioner is a citizen of Turkmenistan who presented himself at a port of entry in November 2023. (Doc. 1 at 6.)  Petitioner was designated as an arriving alien and was then released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). (*Id*.)  Petitioner was re-detained by Immigration and Customs Enforcement on January 13, 2026. (*Id.* at 7.)  He remains in detention and his removal proceedings are ongoing.

In his first claim for relief, Petitioner contends he is entitled to a bond hearing under 8 U.S.C. § 1226(a) and his "custody has not been tested through a constitutionally adequate hearing that meaningfully evaluates whether detention is necessary and whether conditions of release can satisfy the Government's legitimate objectives." (*Id.* at 12.)   In his second

claim for relief, Petitioner claims his continued detention violates the Fifth Amendment because his detention bears no reasonable relationship to any legitimate government purpose. (*Id.* at 17.)

## II.      Discussion

First, to the extent Petitioner makes such a claim, Petitioner was not entitled to a hearing before being re-detained.   Under 8 U.S.C. § 1182(d)(5), the "[Secretary of Homeland Security] may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States."   Aliens paroled under this section are not deemed admitted and "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien *shall* forthwith return or be returned to the custody from which he was paroled" and "his case shall continue to be dealt with in the same manner as that of any other applicant for admission . . . ." *Id.*  (emphasis added).

The Ninth Circuit has explained that there is "no substantive liberty or property interest . . . in temporary parole status." *Kwai Fun Wong v. United States*, 373 F.3d 952, 968 (9th Cir. 2004), *abrogated on other grounds as stated in Pettibone v. Russell*, 59 F.4th 449, 452-53 (9th Cir. 2023).  "The [Immigration and Nationality Act (INA)] does not create any liberty interest in temporary parole that is protected by the Fifth Amendment," but instead "makes clear that whether and for how long temporary parole is granted are matters entirely within the discretion of the Attorney General." *Id.*  And as the Supreme Court has explained, the "procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).  For example, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion."   *Id.*  By its own terms, parole under § 1182(d)(5) is such a benefit that may be granted or denied in the discretion of the Secretary of Homeland Security.  Petitioner therefore lacks any interest in maintaining his parole that is protected by the Due Process Clause and that would require the government

- 2 -

to provide him with a hearing before terminating parole.

Second, Petitioner is not entitled to a bond hearing while he is in custody. When Petitioner presented himself for inspection at a port of entry, he was designated as an "arriving alien" and an "applicant for admission." *See* Doc. 1-1 at 2; *see also* 8 U.S.C. § 1225(a)(1) (stating that an "alien . . . who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed . . . an applicant for admission"); 8 C.F.R. § 1.2 (defining an "arriving alien" as an "applicant for admission coming or attempting to come into the United States at a port-of-entry"). His status as an arriving alien did not change when he was granted parole, nor did it change when his parole was revoked. *See* 8 U.S.C. § 1182(d)(5) (stating that "parole of such alien shall not be regarded as an admission of the alien"); 8 C.F.R. § 1.2 (stating that an "arriving alien remains an arriving alien even if paroled pursuant to [8 U.S.C. § 1182(d)(5)], and even after any such parole is terminated or revoked").

Further, applicants for admission who are found "not clearly and beyond a doubt entitled to be admitted . . . shall be detained." 8 U.S.C. § 1225(b)(2)(A). Aliens classified under § 1225(b)(2)(A) are not entitled to a bond hearing. *See Chavez v. Noem*, 819 F. Supp. 3d 958, 959-61 (D. Ariz. 2026).

Third, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute," and the "Due Process Clause provides nothing more." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, No. CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). As the Supreme Court has long held, in these circumstances "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." *Thuraissigiam*, 591 U.S. at 138 (emphasis added) (citation omitted). Petitioner was not entitled to anything beyond the process provided him under the INA before being re-detained. *See Angov v. Lynch*, 788 F.3d 893, 898 (9th Cir. 2015) (rejecting that an alien's "constitutional right to procedural due process" was violated because the alien "never formally entered the United States" and thus "ha[d] no

- 3 -

such right").

Finally, the Court lacks jurisdiction to review the decision to terminate Petitioner's parole. "[N]o court shall have jurisdiction to review" any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). The Ninth Circuit has held that a district court "properly reject[s] [the] argument that it [has] jurisdiction to review the revocation of advance parole" under 8 U.S.C. § 1182(d)(5). *See Hassan v. Chertoff*, 593 F.3d 785, 789-90 (9th Cir. 2010) (per curiam); *see also Vazquez Romero v. Garland*, 999 F.3d 656, 665 (9th Cir. 2021) ("[T]he jurisdiction-stripping provision of § 1252(a)(2)(B)(ii) applies to discretionary parole decisions under § 1182(d)(5)."); *Torres v. Barr*, 976 F.3d 918, 931-32 (9th Cir. 2020) (en banc) ("[T]he parole authority under [8 U.S.C. § 1182(d)(5)] of the [INA] is delegated solely to the Secretary of Homeland Security . . . ." (third alteration in original) (quotation marks omitted)). Indeed, § 1182(d)(5) provides that an alien previously granted parole must be returned to custody "when the purposes of such parole shall, *in the opinion of the Secretary of Homeland Security*, have been served." (emphasis added.) Additionally, the APA states that it does not apply to "statutes [that] preclude judicial review" or to "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a); *see also Padilla v. Bondi*, No. CV-24-00332-TUC-JCH, 2025 WL 2663010, at *5 (D. Ariz. Sep. 17, 2025) (stating the "Court does not have the jurisdiction to review the denial of Plaintiff's advance parole application" and citing 5 U.S.C. § 701(a) and 8 U.S.C. § 1252(a)(2)(B)); *Syed v. Mayorkas*, No. 3:23-cv-00083-IM, 2023 WL 6596330, at *3 (D. Or. Oct. 10, 2023) ("Because the decision to parole Plaintiff into the United States is discretionary under § 1182(d)(5), the INA and APA prevent this Court from reviewing the USCIS's decision.").

For these reasons, the Court will deny Petitioner's Petition and deny his Motion for Temporary Restraining Order.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is dismissed.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (Doc. 9) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 3rd day of August, 2026.

Michael T. Liburdi
United States District Judge